CALDWELL LESLIE & PROCTOR, PC
JOAN MACK, State Bar No. 180451
  mack@caldwell-leslie.com
MICHAEL D. ROTH, State Bar No. 217464
  roth@caldwell-leslie.com
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

BANNER & WITCOFF, LTD.
CHRISTOPHER J. RENK
  crenk@bannerwitcoff.com
ERIK S. MAURER
  emaurer@bannerwitcoff.com
MICHAEL J. HARRIS
  mharris@bannerwitcoff.com
10 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Attorneys for NIKE, INC. and
CONVERSE INC.

**NOTE CHANGES MADE BY THE COURT.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NIKE, INC. and CONVERSE, INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> SUPERSTAR INTERNATIONAL, INC., AC INTERNATIONAL TRADING INC., and SAI LIU, <br><br> Defendants/Counterclaim Plaintiffs, <br><br> and <br><br> JEAIR SHOES INC., K-AIR SHOES, KING-AIR TRADING INC., DUN HUANG INTERNATIONAL TRADING INC., XIAO MING WU, JIAN QIANG LIU, and YUN MEI YUAN, <br><br> Defendants. | Case No. CV 12-5240-JFW (AGRx) <br><br> Honorable John F. Walter <br><br> Magistrate Judge Alicia G. Rosenberg <br><br> [PROPOSED] ORDER GRANTING PROTECTIVE ORDER GOVERNING USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION PURSUANT TO JOINT STIPULATION BY THE PARTIES |

**NOTE CHANGES MADE BY THE COURT.**

**ORDER**

The parties to this action, by and through their counsel of record, jointly stipulated to and respectfully requested that the Court enter an Order reflecting the terms and conditions of this agreed Protective Order Governing Use and Disclosure of Confidential Information ("Protective Order"), which shall control the handling of all confidential information, documents, and things exchanged in this litigation. Any and all such information shall be used exclusively for purposes of this litigation.

## 1. STATEMENT OF GOOD CAUSE

Plaintiffs NIKE, Inc. and Converse Inc. have brought an action for trademark infringement, unfair competition, trademark dilution and patent infringement, praying for compensatory damages, profits, trebled damages, attorney's fees, costs and injunctive relief. The Defendants have answered with a variety of defenses, including unclean hands, laches and unjust enrichment. Defendants Superstar International, Inc., AC Int'l Trading Inc. and Sai Lui have also asserted a counter-claim alleging that the asserted trademarks are invalid and praying for compensatory damages, punitive damages, attorney's fees and costs. Each party in this case operates its businesses in highly competitive markets and contemplates that the claims, defenses and alleged damages for this case will likely require the use of proprietary and sensitive commercial information that the parties seek to protect.

Based on the claims at issue in this matter, the parties will likely request private and confidential financial information during the discovery process, including information regarding revenues, costs, and net profits, as well financial information related to third parties such as payments to third parties. Documents containing or making reference to confidential financial information are considered private and confidential and would likely cause significant harm to that party and/or infringe upon its ability to compete if such information was made available or accessible publicly and/or to the party's competitors.

Based on the claims at issue in this matter, the parties will likely request trade secret and/or otherwise proprietary, confidential or sensitive business information related to either party's business operations that would likely cause significant harm to that party and/or infringe upon its ability to compete if such information was made available or accessible publicly and/or to the party's competitors.

Based on the claims at issue in this matter, the parties will likely request information about current, past, or prospective employees that is of a confidential or private nature, including, but not limited to, current or former employees' contact information. Such information is considered private and confidential and could violate an individual's privacy rights if it was made publicly available.

To accommodate the parties' positions and avoid lengthy and expensive litigation over the issue, the parties agree that a mutually appropriate protective order will speed the discovery and litigation processes. Entry of this Protective Order will allow the parties to produce documents and information that they consider confidential, private, sensitive and/or containing trade secrets while taking appropriate steps to protect the confidential, private, sensitive and/or trade secret nature of the documents and information. Denial of the protective order will prejudice the parties by leading to additional litigation over discovery issues, potentially resulting in the unnecessary and irreversible release of confidential and proprietary information into the public domain.

Therefore, the above-captioned parties stipulate to this Protective Order and submit that good cause for entry of the Protective Order exists as required by Federal Rule of Civil Procedure 26(c).

**2.    DESIGNATION OF CONFIDENTIAL MATERIALS**

A.    Any party or non-party to this action may designate information, documents, or things produced, used, or disclosed in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and thereby render them subject to the protections and requirements of this Protective Order. Only

information, documents, or things that a party believes in good faith contain or refer to information that is not available to or accessible by the general public may be designated "CONFIDENTIAL." Only information, documents, or things that a party believes in good faith contain or refer to trade secrets (as defined in California Civil Code § 3426.1), or other non-public, confidential, valuable information, including non-public research and development information, technical information, marketing information, and financial information, the disclosure of which would damage the disclosing party's competitive position, may be designated "HIGHLY CONFIDENTIAL."

Copies or excerpts of information contained within, or summaries, notes or charts containing any information, document, or thing designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be treated in accordance with this Protective Order.

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall not include any information, document, or thing which:

(i) at the time of the disclosure hereunder is available to the public; or

(ii) after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party; or

(iii) the receiving party can show (a) was already known to the receiving party; (b) was independently developed by the receiving party; or (c) was received by the receiving party, after the time of disclosure hereunder, from a third party having the right to make such disclosure.

B. Any information, document, or thing that any party wishes to protect against unauthorized disclosure or use shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by having stamped or affixed thereon the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If material cannot be so labeled, it shall be designated in a manner to be agreed upon. Any

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation that is inadvertently omitted during production may be corrected by providing counsel for all parties with written notice as soon as such omission is determined.

C. Portions of deposition transcripts may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by any party or any deponent either (a) during the deposition, in which case the transcript of the designated testimony shall be bound in a separate, sealed volume and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the reporter, or (b) by written notice to all counsel of record within five days after the deponent or its counsel receives the transcript. Pending the expiration of five days after a deposition transcript is received by the deponent or its counsel, all parties and persons shall treat the deposition transcript as if it had been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," except that the deponent and the deponent's counsel may review the transcript of that deponent's own deposition. In addition, the deponent, during the five day period, may show the deposition transcript to other persons who are bound by this Protective Order and who already have access to the material that is or may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." With regard to designations made during the deposition, the designating party shall have the right to have all persons, except the deponent and its counsel, outside counsel of record for named parties, the court reporter, and such other persons bound by this Protective Order, excluded from a deposition, or any portion thereof, before the taking of testimony designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order.

D. If inspection, measuring, testing, sampling, photographing, or otherwise recording a party's processes, products, equipment, premises, or other property pursuant to Federal Rule of Civil Procedure 34, or by agreement, will reveal or disclose information that is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing party shall advise the party seeking the discovery

in advance that the inspection, measuring, testing, sampling, photographing, or recording will be permitted subject to the terms of this Protective Order, and that material discovered and the information derived from that material shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Subject to the provisions regarding inadvertent disclosure (see Sections 10.B and 10.C below) or unless otherwise agreed by the parties or ordered by the Court, any confidentiality is waived if the party providing the discovery fails to advise the party or parties seeking the discovery in advance that any inspection, measuring, testing, sampling, photographing, or recording will be permitted only on a confidential basis. If photographing or recording of premises, products, equipment, processes, or other property is made, the pictures or recordings shall bear the appropriate legend in accordance with this Protective Order on the photograph or videotape itself, and on any exterior packaging for the photo(s)/video(s).

E. Documents and things produced for inspection for the purpose of allowing selection of documents and things for copying shall be treated as "HIGHLY CONFIDENTIAL" pursuant to this Protective Order until copies of the documents and things are produced, at which time they shall be handled pursuant to this Protective Order based upon the designation, if any, of the producing party.

**3. RESTRICTION ON DISCLOSURE OF DESIGNATED MATERIALS**

A. No information or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be disclosed to any person or entity except as set forth in this Protective Order. No person shall use any material or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" except for purposes of preparation, trial, and any appeals of this action.

B. Subject to section 3.D, and any further order of the Court, information or material designated as "HIGHLY CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i) Outside attorneys of record for each party, their partners, shareholders, and associates who are working on this action on behalf of any party, and the paralegal assistants, stenographic, and clerical employees working under the direct supervision of such attorneys.

(ii) Independent experts and consultants, including their professional and clerical support staff, who are expressly retained or sought to be retained by any attorney to assist in the preparation or trial of this action, with disclosure only to the extent necessary to perform such work. Independent experts or consultants, as used in this paragraph, shall not include any regular employee or agent of the receiving party. A party who retains an independent expert or consultant must notify all other parties in writing of the name of the person(s) to whom disclosure is to be made, providing at that time an executed declaration in the form attached hereto as Exhibit A, together with a current copy of the curriculum vitae of the expert(s) to whom such disclosure is to be made. No designated information shall be disclosed to any independent experts or consultants until at least five business days have lapsed following the notice of the expected disclosure to the proposed experts or consultants. If a party makes a written objection to the proposed independent expert or consultant within the five day period, no disclosure of designated information may be made to the proposed independent expert or consultant pending a negotiated, written resolution of the objection or an appropriate, further order of the Court. The parties shall confer pursuant to Local Rule 37.1 and attempt to resolve such a dispute prior to submitting a motion to the Court. The parties will additionally formulate a written stipulation pursuant to Local Rule 37-2 for submitting such a motion.

(iii) Court reporters, stenographers, and/or videographers transcribing or otherwise recording the testimony or argument at a hearing, trial, or deposition in this case or any appeal. The above identified persons are not required to execute the declaration provided in Exhibit A.

(iv) The Court or its staff in connection with the Court's administration and adjudication of this action. The above identified persons are not required to execute the declaration provided in Exhibit A.

(v) Photocopy, document imaging, and database service providers and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases.

(vi) Graphics, translation, design, and/or trial consulting service providers, including mock jurors who have signed a declaration in the form attached hereto as Exhibit A, retained by a party, provided that such persons are screened to ensure that no such person is a regular employee or agent of the receiving party or a regular employee or agent of a direct competitor of the designating party.

(vii) Pursuant to this sub-section, the parties may also disclose specific information or material designated as "HIGHLY CONFIDENTIAL" to any other individuals who are approved by the Court upon motion by either party. The parties shall confer pursuant to Local Rule 37.1 and attempt to resolve any disputes regarding disclosure of information of material designated as "HIGHLY CONFIDENTIAL" to an individual prior to submitting a motion to the Court. The parties will additionally formulate a written stipulation pursuant to Local Rule 37-2 for submitting such a motion.

C. Subject to section 3.D, and any further order of the Court, information or material designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i) Those persons identified in Section 3.B.i through 3.B.vii above; and

(ii) The parties to this action and their employees thereof provided that such disclosure is needed to assist in the prosecution or defense of this action

1 and that such information is maintained in separate and identifiable files, access to
2 which is restricted to authorized persons.
3    D.    The designation of any document as "CONFIDENTIAL" or "HIGHLY
4 CONFIDENTIAL" shall not preclude any party from showing the document to any
5 person (a) who appears as the author or as an addressee on the face of the document
6 (unless it is shown that the person did not receive the document), (b) who has been
7 identified by the designating party as having been provided with the document or
8 with the information therein, or (c) who participated in any meeting or
9 communication to which the document refers. The producing party may disclose
10 the producing party's "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL"
11 information to the producing party's employees, ex-employees, and/or 30(b)(6)
12 designees without waiving the confidential nature of the information, provided that,
13 with respect to ex-employees, the ex-employee was employed by the producing
14 party at the time the confidential information was created.
15    Nothing contained in this Protective Order shall affect the right of the
16 producing party to disclose or use for any purpose the documents or information
17 produced and/or designated by it as "CONFIDENTIAL" or "HIGHLY
18 CONFIDENTIAL."
19    E.    ~~In the event that any "CONFIDENTIAL" or "HIGHLY~~
20 ~~CONFIDENTIAL" information is used in any court proceeding in connection with~~
21 ~~this litigation, it shall not lose its "CONFIDENTIAL" or "HIGHLY~~
22 ~~CONFIDENTIAL" status through such use, and the parties shall take all steps~~
23 ~~reasonably required to protect its confidentiality during such use.~~

24 **4.    FILING DESIGNATED MATERIALS**
25    In the event that a party wishes to use any "CONFIDENTIAL" or "HIGHLY
26 CONFIDENTIAL" information in any paper filed with the Court in this litigation,
27 which comprise, excerpt, reproduce, paraphrase, or contain designated
28 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, or information

1 taken therefrom, the party shall file such materials under seal. The filing party shall
2 assist the Clerk of Court in preventing such filing from being viewed by the public.
3 The parties understand that documents may be filed under seal only with the
4 permission of the Court after proper motion pursuant to the procedural steps set
5 forth in Local Civil Rule 79-5. If any materials subject to this Order are filed under
6 seal, the Court and the Court's personnel are not required to sign the Declaration
7 provided in Attachment A.

8 **5.   CANCELLATION OF DESIGNATION**

9       The receiving party and any interested party may request that the designating
10 party redesignate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material.
11 A redesignation request(s) shall be by written notice to counsel for the designating
12 party. The written notice shall particularly identify the subject matter or document
13 designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that the receiving
14 party seeks to have redesignated.

15       The parties shall work together in good faith to resolve all redesignation
16 requests on an informal basis. The parties shall confer pursuant to Local Rule 37.1
17 prior to filing any related motion with the Court, and if the dispute cannot be
18 resolved informally within ten business days, a motion for further disclosure or
19 redesignation may be filed with the Court. Pending the Court's determination of
20 any motion contesting a confidential designation, the material shall be deemed
21 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as indicated by the
22 designating party. Thereafter, such material shall be treated in accordance with the
23 Court's order.

24 **6.   NOTICE**

25       `All notices required by this Protective Order are to be served via email, with
26 receipt confirmed, to the appropriate attorney(s) at BANNER & WITCOFF, LTD., the
27 LAW OFFICES OF CHRISTOPHER DIENER, or LEXINT LAW GROUP. The date by which
28 a party receiving a notice shall respond, or otherwise take action, shall be computed

1  from the date indicating that the email was received. Any of the notice requirements
2  herein may be waived in whole or in part, but only in writing signed by an attorney
3  for the designating party.

4  **7.     DISPOSITION OF DESIGNATED MATERIALS AT TERMINATION**
5  **       OF THE CASE**

6        A.    Termination of proceedings shall not relieve any person from the
7  obligations of this Protective Order, unless the Court orders otherwise.

8        B.    With respect to any "CONFIDENTIAL" or "HIGHLY
9  CONFIDENTIAL" information that has been filed with the Court, including all
10 copies or summaries of or excerpts thereof, it is the responsibility of the party
11 desiling return of such documents to ~~ensure~~ [request] that the clerk returns all
12 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." [Nothing in this order requires the Clerk to return such information.]

13       C.    Within 45 days after the final adjudication of this litigation including
14 appeals, or resolution through settlement, unless otherwise agreed to in writing by
15 an attorney of record for the designating party, each party shall either (a) assemble
16 and return all confidential material, including all copies thereof, to the party or
17 person from whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"
18 material was obtained; or (b) certify in writing that all such material has been
19 destroyed, except that counsel for the parties may retain, in their sole discretion, all
20 court papers, court and deposition transcripts, exhibits, and attorney work product,
21 provided that such documents will be held for their internal use only, subject to the
22 continuing obligations imposed by this Protective Order. A party need not destroy
23 or discard documents that it designated hereunder.

24 **8.     AMENDMENTS AND EXCEPTIONS**
25       This Protective Order may be amended only by an Order of the Court, and is
26 without prejudice to the rights of a party to move for relief from any of its
27 provisions, or to seek different or additional protection for any particular material or
28 information. The parties shall confer pursuant to Local Rule 37.1 and attempt to

[AGR] (margin initials next to line 11)

resolve any disputes regarding proposed amendments prior to submitting a motion to the Court. The parties will additionally formulate a written stipulation pursuant to Local Rule 37-2 for submitting such a motion.

## 9. NON-PARTY SUBPOENAS OR REQUESTS

If a non-party to this dispute subpoenas or requests information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Protective Order, the receiving party shall not produce "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information before providing written notice of the subpoena or request to the producing party and the producing party has had an opportunity to intervene and/or oppose the non-party's subpoena or request if it chooses. Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action, and nothing in this Protective Order prevents a party who receives a subpoena or request from a non-party from disclosing/ producing the documents or information that it designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

## 10. GENERAL PROVISIONS

A.  The designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information pursuant to this Protective Order shall not be construed as a concession by either party that such information is relevant or otherwise admissible under the Federal Rules of Evidence; that such information is confidential, proprietary, or a trade secret; or that such information is properly discoverable under the Federal Rules of Civil Procedure.

B.  If a party through inadvertence produces or provides discovery which it believes is subject to a claim of privilege and/or the work product doctrine, the producing party may give written notice to the receiving party or parties that the document or thing is subject to a claim of privilege and/or the work product doctrine and request that the document or thing be returned to the producing party. The receiving party or parties shall return to the producing party such document or thing,

1  including any and all copies thereof whether electronic and/or hard copy. Return of
2  the document or thing by the receiving party shall not constitute an admission or
3  concession, or permit any inference, that the returned document or thing is, in fact,
4  properly subject to a claim of privilege and/or work product, nor shall it foreclose
5  any party from moving the Court for an order that such document or thing has been
6  improperly designated or should be produced for reasons other than a waiver caused
7  by the inadvertent production.
8       C.    If a party through inadvertence produces or provides any information,
9  document, or thing without labeling, marking, or designating it as
10 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing party may
11 give written notice to the receiving party or parties that the information, document,
12 or thing is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and should be
13 treated in accordance with the provisions of this Protective Order. The receiving
14 party or parties must treat such information, documents, or things as
15 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" from the date such notice is
16 received. Disclosure of such information, documents, or things prior to receipt of
17 such notice to persons not authorized to receive "CONFIDENTIAL" or "HIGHLY
18 CONFIDENTIAL" material shall not be deemed a violation of this Protective
19 Order; however, those persons to whom disclosure was made are to be advised that
20 the material disclosed is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and
21 must be treated in accordance with this Protective Order.
22      D.    Nothing in this Protective Order shall bar or otherwise restrict any
23 qualified attorney herein from rendering advice to his client with respect to this
24 litigation and, in the course thereof, relying upon his examination of
25 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.
26      E.    Nothing herein shall be deemed to limit a party's rights in the event of
27 a violation of this Protective Order.
28

F.  This Protective Order shall survive the final adjudication of this litigation (including any appellate proceedings), to the extent information designated hereunder remains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order shall be effective and shall be respected by the parties and all persons bound by this protective order ~~in any way involved in these proceedings or to whose attention "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" information shall come~~ unless and until otherwise ordered by the Court or stipulated by the parties to this action. *[AGR]*

G.  "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information shall be held in confidence by each person to whom it is disclosed, shall be used by the receiving party only for purposes of this action and no other purpose, shall specifically not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information under this Protective Order. All "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

H.  No party shall be required to identify on its respective privilege log any document or communication dated on or after the filing of this lawsuit which, absent this provision, the party would have been obligated to so identify on said privilege log.

I.  Draft expert reports, notes taken by an expert, and communications with an expert for purposes of preparing a report shall not be discoverable or admissible. This applies to all draft expert reports, notes, and communications regardless of whether they are in paper or electronic form. Notwithstanding, the parties may inquire as to the process by which expert reports were prepared to confirm authorship of an expert's opinion(s). Further, an expert's compensation, identification of facts or data provided to the expert and considered in forming his or

her opinion(s), and any assumptions provided to an expert and relied on in forming his or her opinion(s) are discoverable.

**IT IS SO ORDERED.**

Dated: October 29, 2012

~~The Honorable John F. Walter~~
~~United States District Court Judge.~~

**ALICIA G. ROSENBERG**
**UNITED STATES MAGISTRATE JUDGE**

- 14 -

<u>**EXHIBIT A**</u>

CALDWELL LESLIE & PROCTOR, PC
JOAN MACK, State Bar No. 180451
  mack@caldwell-leslie.com
MICHAEL D. ROTH, State Bar No. 217464
  roth@caldwell-leslie.com
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

BANNER & WITCOFF, LTD.
CHRISTOPHER J. RENK
  crenk@bannerwitcoff.com
ERIK S. MAURER
  emaurer@bannerwitcoff.com
MICHAEL J. HARRIS
  mharris@bannerwitcoff.com
10 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Attorneys for NIKE, INC. and CONVERSE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NIKE, INC. and CONVERSE, INC.,<br><br>   Plaintiffs/Counterclaim Defendants,<br><br>   v.<br><br>SUPERSTAR INTERNATIONAL, INC., AC INTERNATIONAL TRADING INC., and SAI LIU,<br><br>   Defendants/Counterclaim Plaintiffs,<br><br>   and<br><br>JEAIR SHOES INC., K-AIR SHOES, KING-AIR TRADING INC., DUN HUANG INTERNATIONAL TRADING INC., XIAO MING WU, JIAN QIANG LIU, and YUN MEI YUAN,<br><br>   Defendants. | Case No. CV 12-5240-JFW (AGRx)<br><br>Honorable John F. Walter<br><br>Magistrate Judge Alicia G. Rosenberg<br><br>**DECLARATION OF [DECLARANT] UNDER PROTECTIVE ORDER** |

- 1 -

I, _____, declare as follows:

1. My business address is: _____.

2. My present employer is: _____.

3. My present occupation or job description is: _____.

4. [For experts and consultants only] Except as retained by _____ in connection with the above-referenced action, I am currently not employed by any party to this lawsuit or engaged as an independent contractor or consultant by any party to this lawsuit, either directly or indirectly.

5. I hereby acknowledge and agree that any information or material designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" that I receive or review in this lawsuit is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER GOVERNING USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION dated _____ ("the Protective Order").

6. I have read the Protective Order, and agree to comply with and be bound by each of the applicable terms.

7. I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for the limited purpose of assuring my compliance with the Protective Order.

8. I understand that I am to handle all of the materials that I receive which

have been designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" in a manner consistent with this Protective Order. No later than thirty (30) days after final termination of this litigation, including any and all appeals, or resolution through settlement, I agree to return to the counsel of record who provided me with such materials all information and documents designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL," including all copies, extracts, and summaries thereof (and including those I prepared), or I will certify in writing that all such materials have been destroyed. Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____     By:_____
                              (signature of declarant)

                              _____
                              (printed name of declarant)